# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **COLUMBIA GAS TRANSMISSION, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.:  1:18-cv-9 |
| ) | Hon. Judge Irene M. Keeley |
| **84.53 ACRES OF LAND, MORE OR** ) | |
| **LESS, IN CALHOUN, MARSHALL, RITCHIE** ) | |
| **TYLER AND WETZEL COUNTIES,** ) | |
| **WEST VIRGINIA; TIMOTHY L. SCHIELE** ) | |
| **AND ROBIN K. SCHIELE et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S MOTION FOR AN ORDER OF CONDEMNATION AND FOR PRELIMINARY INJUNCTION

Plaintiff, Columbia Gas Transmission, LLC ("**Columbia**"), moves this Court, pursuant to Rules 71.1 and 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 717, *et. seq.*, for an order authorizing it to condemn various property interests described in its Complaint in Condemnation (individually and collectively, the "**Easements**") and a preliminary injunction granting it immediate access to and use of those Easements. In support of this Motion, Columbia relies upon the pleadings filed in this action, the Declaration of Jacob Frederick, PMP ("**Frederick Decl.**"), which is attached hereto as **Exhibit 1**, and incorporated by reference herein, and its Memorandum in Support, which is filed contemporaneously herewith and incorporated by reference herein.

The Federal Energy Regulatory Commission ("**FERC**") granted Columbia a Certificate of Convenience and Public Necessity (the "**FERC Certificate**") on December 29, 2017, in FERC Docket No. CP16-357-000. The FERC Certificate approves the construction and operation of approximately 170.9 miles of natural gas pipeline, compression facilities, and

1

106128230\V-2

related appurtenances in West Virginia; the construction of three new compressor stations; and the modification of three existing compressor stations and one regulating station (the "**Project**"). The Project will be located in West Virginia, and the pipeline will run south from Marshall County through the state and end in Wayne County. The Project will provide an additional 2.7 million dekatherms per day (Dth/d) of firm transportation service from receipt points in the Appalachian Basin to markets in the Midwest, Northeast, Mid-Atlantic, South, and the Gulf Coast. The Project will increase deliverability by approximately 1,800,000 Dth/d to multiple Midwest, Northeast, and Mid-Atlantic markets. It will also add an additional 900,000 Dth/d of capacity to markets in the South and the Gulf Coast. The Project will enable the safe and reliable transport of natural gas to natural gas customers across the United States.

The FERC Certificate grants Columbia the power of eminent domain pursuant to 15 U.S.C. § 717f(h). Indeed, as a matter of law, Columbia is authorized to condemn the Easements, which are necessary to the operation of Columbia's Project. Columbia has been unable to agree with the owners of the properties at issue in the action as to compensation for the Easements and, accordingly, has been unable to acquire the Easements by contract. Frederick Decl. ¶¶ 16–20. Columbia has also complied with the requirements of Federal Rule of Civil Procedure 71.1.

Upon the Court's affirmation that Columbia has established its substantive right to condemn the Easements, Columbia should be granted immediate access to and use of the Easements by way of a preliminary injunction. *See, e.g.*, Order Granting Plaintiff's Motion for an Order of Condemnation and for Preliminary Injunction, *Columbia Gas Transmission, LLC v. 6.31 Acres of Land More or Less In Marshall County, West Virginia et al.*, No. 5:17-CV-10, (N.D. W. Va. Feb. 22, 2017), (Groh, J.), ECF No. 47; *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004). If not allowed immediate access to and use of the Easements, Columbia

will suffer great delay and expense, and Columbia is, accordingly, without an adequate legal remedy. Among other things, to avoid and minimize wildlife impacts, Columbia is legally obligated to clear vegetation and trees from certain portions of the Project route by March 31, 2018, which is only the first of multiple, consecutive deadlines for the Project. Without the preliminary injunction, all construction activities will grind to a halt, and the Project's construction schedule will be substantially and materially impaired, which will: threaten the viability of the Project; risk Columbia's ability to meet its contractual commitments to third parties, as well as its federally approved completion deadline; and cause immeasurable, non-compensable harm to Columbia's business reputation and goodwill, among other things.

Meanwhile, the balance of equities clearly militates in Columbia's favor because Defendants will suffer no harm by virtue of the granting of expedited access and use, as the determination of the amount of just compensation owing by reason of Columbia's appropriation of the Easements will not be impacted by immediate access and use.

Finally, the public interest weighs in favor of granting a preliminary injunction because, *inter alia*, expeditious completion of the Project requires immediate access. The Project is integral to bringing high-quality natural gas to market through safe, secure, and reliable methods, which will directly benefit the general public.

Based on the foregoing, Columbia respectfully requests that this Court enter an order of condemnation and use its inherent equitable power to award a preliminary injunction granting Columbia immediate access to and use of the Easements for the purposes of the Project.

Dated: January 16, 2018 Respectfully submitted,

                          By: /s/ Lori A. Dawkins
                               Lori A. Dawkins (WV Bar No. 6880)
                               William O'Brien (WV Bar No. 10549)
                               John Pizzo (WV Bar No. 12680)
                               Steptoe & Johnson PLLC
                               400 White Oaks Boulevard
                               Bridgeport, WV 26330
                               T: (304) 933-8000
                               F: (304) 933-8183
                               lori.dawkins@steptoe-johnson.com
                               william.obrien@steptoe-johnson.com
                               john.pizzo@steptoe-johnson.com

                               John Haug (to be admitted *pro hac vice*)
                               David Fedder (to be admitted *pro hac vice*)
                               Sarah Carlson (to be admitted *pro hac vice*)
                               Dentons US LLP
                               211 N. Broadway Suite 3000
                               St. Louis, MO 63102
                               T: 314.259.1800
                               F: 314.259.5959
                               john.haug@dentons.com
                               david.fedder@dentons.com
                               sarah.carlson@dentons.com

                               *Counsel for Columbia Gas Transmission, LLC*

106128230\V-2