```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**COLUMBIA GAS TRANSMISSION, LLC,**

      **Plaintiff,**

**v.**                                      **CIVIL ACTION NO. 1:18CV9**
                                                       **(Judge Keeley)**
**84.53 ACRES OF LAND, MORE OR LESS, IN**
**CALHOUN, MARSHALL, RITCHIE, TYLER, AND**
**WETZEL COUNTIES, WEST VIRGINIA, ET AL.,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S**
**UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 1559]**

      In this condemnation case, the plaintiff, Columbia Gas Transmission, LLC ("Columbia"), previously obtained immediate access to and possession of certain temporary and permanent easements it sought to condemn to construct a natural gas pipeline (Dkt. No. 308). Now, Columbia moves for summary judgment on the amount of just compensation due for the portions of this property owned by the remaining defendants, Sandra Mays Eggleston ("Eggleston"), Mary Curtis ("Curtis"), and Gary David Clinton ("Clinton") (collectively, "the remaining defendants") (Dkt. No. 1559). For the reasons that follow, the Court **GRANTS** the unopposed motion (Dkt. No. 1559).

### I. BACKGROUND[1]

      On December 29, 2017, FERC granted a Certificate of Public

---

[1] As it must, the Court recites the facts in the light most favorable to the non-moving parties. See Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000).

Convenience and Necessity to Columbia authorizing construction of 170.9 miles of natural gas pipeline in West Virginia ("the Project") (Dkt. No. 1-1 at 2).[2] The Project also includes the construction or modification of several compressor stations, a regulating station, and tie-in sites. Id. at 3-5. The Certificate is subject to various environmental conditions, including those that must be fulfilled before and during construction of Columbia's pipeline. Id. at app. C.

Columbia had to obtain easements along the Project in order to construct its pipeline, and under the appropriate circumstances the NGA grants it the authority to do so by eminent domain. On January 12, 2018, Columbia sought to exercise that authority over certain property located in the Northern District of West Virginia, which it was unable to acquire by agreement, by filing a complaint pursuant to the NGA and Fed. R. Civ. P. 71.1 (Dkt. No. 1). As required by Rule 71.1(c)(2), Columbia included descriptions of the property, as well as the interests to be taken (Dkt. Nos. 1 at 44-68; 1-2).

On January 16, 2018, Columbia moved for partial summary judgment on its right to condemn the subject property, as well as

---

[2] Citations to the FERC Certificate reference pagination of the FERC Certificate itself rather than CM/ECF pagination.

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 1559]**

a preliminary injunction allowing it to immediately possess the property (Dkt. No. 6). On February 16, 2018, the Court conducted an evidentiary hearing, and on February 21, 2018, the Court granted Columbia's motion for order of condemnation and for preliminary injunction, authorizing Columbia to condemn and obtain immediate access to and possession of the subject property (Dkt. No. 308).

On June 10, 2019, Columbia moved for summary judgment on just compensation owed to the remaining defendants (Dkt. Nos. 1559, 1560). Despite being served a Roseboro Notice (Dkt. Nos. 1565, 1566), the remaining defendants have not responded to Columbia's motion. Accordingly, Columbia's motion is ripe for disposition.[3]

## II. STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

---

[3] Although Columbia's motion for summary judgment is unopposed, the Court is nevertheless required to thoroughly analyze the motion. Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court '*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" (emphasis in original) (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993))).

to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. <u>Providence Square</u>, 211 F.3d at 850. The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. <u>Id.</u> at 248-52.

### III. DISCUSSION

The question at issue is the amount of just compensation due to the remaining defendants for their interests in the outstanding tracts, Tract Nos. 4 (WV-MA-0165.000) and 20 (WV-TY-0008.000) (Dkt.

4

No. 1560 at 1-6). Eggleston owns a 0.9259% interest in Tract No. 4, Curtis owns a 0.2778% interest in Tract No. 4, and Clinton owns a 0.9259% interest in Tract No. 20. Id. at 5-6.

"'Just compensation' is that amount of money necessary to put a landowner in as good a pecuniary position, but no better, as if his property had not been taken." United States v. 69.1 Acres of Land, More or Less, Situated in Platt Springs Twp., Cty. of Lexington, State of S.C., 942 F.2d 290, 292 (4th Cir. 1991). "[I]t is well settled that in the event of a 'partial taking' – i.e., a case in which the [condemnor] has taken one part of a larger tract, leaving the remainder to the landowner – the measure of just compensation is the difference between the fair and reasonable market value of the land immediately before the taking and the fair and reasonable market value of the portion that remains after the taking." United States v. Banisadr Bldg. Joint Venture, 65 F.3d 374, 378 (4th Cir. 1995). When a taking is temporary in nature, because it involves a temporary work space, "the value of the taking is what rental the marketplace would have yielded for the property taken." Banisadr Bldg. Joint Venture, 65 F.3d at 378.

Generally, "the property owners bear the burden of proving the fair market value at trial." Hardy Storage Co., LLC v. Prop. Interests Necessary to Conduct Gas Storage Operations, No.

5

2:07-cv-5, 2009 WL 689054, at *3 (N.D. W. Va. Mar. 9, 2009) (citing United States ex rel. and for Use of Tenn. Valley Auth. v. Powelson, 319 U.S. 273-74 (1943)). However,

> [i]f the condemnor is the only party to admit evidence to the Court of the value of the real property taken, the Court may use that evidence to determine the just compensation of the property and enter default judgment against defendant landowners and award the defendants their just compensation as determined by the condemnor.

Atl. Coast Pipeline, LLC v. 1.52 Acres, No. 3:17-cv-814, 2019 WL 148402, at *7 (E.D. Va. Jan. 9, 2019). So too here. Because the remaining defendants have not appeared, answered, or otherwise defended this case, the Court may consider Columbia's undisputed evidence in order to determine just compensation. Id.

**A.    Tract No. 4 (WV-MA-0165.000)**

According to Columbia's expert and certified appraiser, Corey Sell ("Sell"), Tract No. 4 is comprised of 53.85 total acres of vacant land (Dkt. No. 1560-3 at 2). This tract is encumbered by a 50-foot-wide permanent pipeline easement totaling 1.91 acres, a temporary workspace easement totaling 2.82 acres, and two additional temporary workspace easements totaling 0.19 acres. Id. As of the date of the taking, January 12, 2018, Sell determined that the permanent pipeline easement diminished the value of Tract

No. 4 by $1,576.00, and the total rental value of the temporary easements was $662.00, for a total of $2,238.00. Id. at 3. Because Eggleston owns only a 0.9259% interest in Tract No. 4, she is entitled to 0.9259% of $2,238.00, or $20.72 (0.009259 X $2,238.00 = $20.72). Similarly, because Curtis owns only a 0.2778% interest in Tract No. 4 she is entitled to 0.2778% of $2,238.00, or $6.22 (0.002778 X $2,238.00 = $6.22).

**B.    Tract No. 20 (WV-TY-0008.000)**

According to Sell, Tract No. 20 is comprised of 93.00 total acres of vacant land (Dkt. No. 1560-3 at 3). This tract is encumbered by a 50-foot-wide permanent pipeline easement totaling 1.43 acres, a temporary workspace easement totaling 2.06 acres, and two additional temporary workspace easements totaling 0.06 acres. Id. As of the date of the taking, January 12, 2018, Sell determined that the permanent pipeline easement diminished the value of Tract No. 20 by $1,073.00, and the total rental value of the temporary easements was $424.00, for a total of $1,497.00. Id. at 3-4. Because Clinton owns only a 0.9259% interest in Tract No. 20, he is entitled to 0.9259% of $1,497.00, or $13.86 (0.009259 X $1,497.00 = $13.86).

**C.    Prejudgment Interest**

The remaining defendants are also entitled to prejudgment

interest on the amount of just compensation from the date of the taking, January 12, 2018, to the date of the judgment, October 7, 2019. See United States v. Eltzroth, 124 F.3d 632, 638 (4th Cir. 1997) ("The date of taking 'fixes the date as of which the land is to be valued and the Government's obligation to pay interest accrues.'" (quoting United States v. Dow, 357 U.S. 17, 22 (1958))).

No federal law, however, establishes the appropriate procedure for determining what interest rate applies. Rather, it is left to the Court's discretion. See Washington Metro. Area Transit Auth. v. One Parcel of Land in Montgomery Co., Md., 706 F.2d 1312, 1322 (4th Cir. 1983) ("The choice of an appropriate rate of interest is a question of fact, to be determined by the district court . . . ."). This Court has previously observed that, "in order to make the injured parties whole, the prejudgment interest should reflect the injured party's borrowing costs." Dijkstra v. Carenbauer, No. 5:11-CV-152, 2015 WL 12750449, at *7 (N.D. W. Va. July 29, 2015) (Bailey, J.) (quoting Zerkel v. Trinity Resources, Inc., 2013 WL 3187077, *2 (N.D. W. Va. June 20, 2013) (Stamp, J)).

Applying this principle, the rate at which prejudgment interest is calculated should reflect the rate that best represents the remaining defendants' borrowing cost during the period of the loss of use of the moneys owed. In order to make this

determination, the Court will apply the average federal interest rate from January 2018. During that time, the federal interest rates for marketable interest-bearing debt averaged 2.15%. TreasuryDirect.gov, Average Interest Rates, January 2018 https://www.treasurydirect.gov/govt/rates/pd/avg/2018/2018_01.htm (last visited Oct. 3, 2019). Accordingly, the Court will award prejudgment interest on the amount of just compensation, from January 12, 2018, to October 7, 2019, to be calculated at the rate of 2.15% per annum.

### IV. CONCLUSION

For the reasons discussed, finding no disputed material fact as to the amount of just compensation owed to the remaining defendants, the Court:

- **GRANTS** Columbia's unopposed motion for summary judgment (Dkt. No. 1559); and
- **DIRECTS** Columbia to pay $20.72 to Eggleston, $6.22 to Curtis, and $13.86 to Clinton, plus prejudgment interest on these amounts at 2.15% per annum.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and enter a separate judgment order in favor of Columbia. It further **DIRECTS** Columbia to provide copies of both

**COLUMBIA V. 84.53 ACRES, ET AL.** 1:18CV9

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR SUMMARY JUDGMENT [DKT. NO. 1559]**

Orders to the pro se defendants and file proof of service with the Court.

DATED: October 7, 2019.

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE